**UNITED STATES of America, Plaintiff-Appellee**

v.

**Rodolfo TAFOYA, also known as Rudolfo Tapioa, Defendant-Appellant**

**No. 17-10522**
**Summary Calendar**

United States Court of Appeals, Fifth Circuit.

Filed March 2, 2018

James Wesley Hendrix, Assistant U.S. Attorney, U.S. Attorney's Office, Northern District of Texas, Dallas, TX, for Plaintiff-Appellee

Jerry Van Beard, Esq., Assistant Federal Public Defender, Michael Arthur Lehmann, Federal Public Defender's Office, Northern District of Texas, Fort Worth, TX, for Defendant-Appellant

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Rodolfo Tafoya appeals the 21-month within-guidelines sentence and three-year term of supervised release imposed following his guilty plea conviction for illegal reentry. He argues that his sentence violates due process because it exceeds the statutory maximum sentence of 8 U.S.C. § 1326(a). However, he correctly concedes that whether a prior conviction must be alleged in the indictment and proved to a jury before a sentencing enhancement under § 1326(b) can be applied is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007). Thus, summary affirmance is appropriate. *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.